10-4409-ag
Hamid v. Holder

BIA
A098 422 886
A098 422 887
A098 422 888
A098 422 889
A098 422 890

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of December, two thousand eleven.

PRESENT:
GUIDO CALABRESI,
REENA RAGGI,
RICHARD C. WESLEY,
*Circuit Judges.*

_____

ASIF HAMID, *ET AL.*,
*Petitioner*,

v.                                          10-4409-ag
                                            NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:          Law Office of Usman B. Ahmad, Long
                         Island City, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney

**General; John S. Hogan, Senior Litigation Counsel; Michael C. Heyse, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Asif Hamid, a native and citizen of Pakistan, seeks review of the September 30, 2010, decision of the BIA denying his motion to reopen.* *In re Asif Hamid, et al.*, Nos. A098 422 886/887/888/889/890 (B.I.A. Sept. 30, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

The BIA's denial of Hamid's motion to reopen as untimely was not an abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). A motion to reopen generally must be filed no later than 90 days after the date on which the final administrative decision was

---

*Hamid's wife Rashida Arshi, and his three children, Wasif Hamid, Aisha Hamid, and Hariss Hamid, were included as derivative beneficiaries on his application for relief.

2

rendered in the proceedings sought to be reopened. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Hamid's 2010 motion was untimely, as the final administrative order was issued in 2008. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). The time limitation does not apply to a motion to reopen if it is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii). However, Hamid failed to establish changed circumstances in Pakistan.

Hamid argues that he demonstrated changed country conditions by submitting evidence showing that conditions have deteriorated in Pakistan, particularly for members of the Pakistan Peoples Party ("PPP"). However, the BIA's determination that the evidence failed to demonstrate changed country conditions since Hamid's 2007 hearing is supported by substantial evidence, as Hamid's evidence showed only that politically motivated killings continued to occur, not that conditions had worsened for PPP supporters.

3

*See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir. 2008).  Moreover, Hamid's fear of future persecution based on changed country conditions in Pakistan rests on the same factual predicate underlying his original asylum claim, namely, that he will be persecuted as a member of the PPP. The BIA did not abuse its discretion in finding that Hamid's evidence was insufficient because it was premised upon a claim that the agency already had determined was not credible.  *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 147 (2d Cir. 2007) (holding that the BIA did not abuse its discretion in denying a motion to reopen based on changed country conditions where there was an underlying adverse credibility determination).

Because the evidence Hamid submitted was insufficient to establish a change in country conditions, the BIA did not abuse its discretion in concluding that he failed to meet an exception to the filing deadline, and, accordingly, in denying his motion to reopen.  *See* 8 U.S.C. § 1229a(c)(7)(C)(i), (ii); 8 C.F.R. § 1003.2(c)(2), (3).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition

4

is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk